**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF**
**ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| ZOILO RAMIREZ | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge: |
| | ) | |
| MARATHON SYSTEMS INC., | ) | |
| a Wisconsin Corporation, | ) | |
| RICHARD MOCK, GLEN MOCK, and | ) | **Jury Demanded** |
| WLODEK ZAWASKI | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiff, ZOILO RAMIREZ, by and through his attorneys, Glen J. Dunn Jr. and Jeffrey

Grant Brown, and for his Complaint against Defendants, MARATHON SYSTEMS INC., ,

RICHARD MOCK, GLEN MOCK, and WLODEK ZAWASKI, states as follows:

**PARTIES AND JURISDICTION**

1.    Defendant MARATHON SYSTEMS, INC. ("Marathon") is a Wisconsin Corporation

doing business in the Northern District of Illinois.  According to its website, Marathon is

a commercial and residential cleaning provider located in the Greater Milwaukee,

Wisconsin area, and offers janitorial services for all types of properties.

2.    Defendant Richard Mock , is the owner and president of Marathon.  Defendant Richard

Mock directly and/or jointly with Defendant Glen Mock, Defendant Wlodek Zawaski,

has the power to hire, fire, discipline and control hourly employees.  Defendant Richard

Mock directed, implemented and controlled the illegal wage policies and practices at

issue in this lawsuit including as set forth below in paragraphs XX –XX .  Further,

Defendant Richard Mock ratified and implemented the illegal wage policies and practices

1

used on Plaintiff.

3.    Defendant Glen Mock is the vice president of Marathon. Defendant Glen Mock directly and/or jointly with Defendant Richard Mock, and Defendant Wlodek Zawaski, has the power to hire, fire, discipline and control hourly employees, and directed, implemented and controlled the illegal wage policies and practices at issue in this lawsuit. Further, Defendant Glen Mock ratified and implemented the illegal wage policies and practices used on Plaintiff.

4.    Defendant Wlodek Zawaski ("Zawaski") is the manager of Marathon. Defendant Zawaski directly and/or jointly with Defendants Richard Mock and Glen Mock has the power to hire, fire, discipline, direct, and control hourly employees at Marathon and had direct control over the violations of law alleged in this Complaint. At all times relevant, Plaintiff directly reported to Defendant Zawaski.

5.    Plaintiff Zoilo Ramirez is a resident of Chicago, Illinois and is a current employee of each of Defendants. Mr. Ramirez has worked for Defendants since approximately April 2014 at various locations throughout the Chicago, Illinois and suburban locations as a maintenance worker in an hourly paid non-exempt position.

6.    Plaintiff brings this action to recover unpaid wages, unpaid straight time and overtime compensation, liquidated damages, statutory penalties, attorneys' fees, and costs from Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* (the "IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS § 115/14, ("IWPCA"), and the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-020, *et seq.* (the "Ordinance") for failure to pay him the required overtime and minimum wages.

7.      Jurisdiction over this action is conferred on this Court by 28 U.S.C. § 1331 on the basis

of federal question jurisdiction, as the matter concerns an action arising under the laws of

the United States, and by Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  Supplemental

jurisdiction over Plaintiff's Illinois claims arising under the IMWL, IWPCA, and the

Ordinance is required pursuant to 28 U.S.C. § 1367(a), because those claims are so

related to claims in the action with this Court's original jurisdiction that they form part of

the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper in this Court pursuant to 29 U.S.C. § 1391 as the illegal conduct alleged

herein occurred in this district.

9.      Plaintiff has been responsible for operating machinery that buffs the floors of a grocery

store franchise that is a client of Defendants; and Defendants assigned Plaintiff the

responsibility of filling the propane tank used by the buffer machine, along with other

related duties and responsibilities for Defendants.

### FACTS IN SUPPORT OF PLAINTIFF'S CLAIMS

10.     Plaintiff primarily worked as a floor buffer and held other maintenance positions at

various locations in Chicago, Illinois during the last five years.

11.     Plaintiff was hired and employed by Defendants with the agreement between them that

Plaintiff would be paid an agreed upon hourly rate of pay for all time worked for

Defendants.

12.     Defendants failed to pay Plaintiff for all of the time Plaintiff spent working for

Defendants, even though such time was required and/or permitted by Defendants.

13.    Defendants failed to pay Plaintiff for time worked when he traveled and waited to fill Defendants' propane tank approximately two to three times per week, for up to fifty minutes each trip.

14.    Defendants failed to pay Plaintiff for time worked when he traveled from one work site to another work site for up to 45 minutes per trip for a total of approximately thirteen months of his five year employment.

15.    Defendants failed to provide Plaintiff with two paid fifteen-minute breaks during his daily shift.

16.    Defendants failed to pay Plaintiff overtime premium wages of one and one-half times his regular rate of pay for all hours worked in excess of forty hours in a single week.

17.    Defendants frequently manipulated Plaintiff's paystub to record any hours worked in excess of forty hours in a single week as "bonus wages," to avoid paying Plaintiff overtime premium wages of one and one half times his regular rate of pay.

18.    Defendants failed to provide Plaintiff with a full uninterrupted meal break of at least twenty minutes in duration even though Plaintiff often worked more than seven and a half continuous hours.

19.    Defendants would deduct $100.00 from Plaintiff's wages as a penalty every time he called off work for up to $500.00 per year, without written authorization for such a deduction by Plaintiff.

20.    Plaintiff complained to Defendants on multiple occasions about Defendants' failure to properly account for and compensate Plaintiff for the work he performed.

21.    Defendants engaged in a policy and practice of requiring Plaintiff to perform work during his meal breaks.

22.     During the statutory recovery periods, Defendants regularly adjusted Plaintiff's paystub to record any hours worked in excess of forty hours in a single week as "bonus wages" which resulted in Plaintiff only being paid straight time for hours worked in excess of forty, rather than the required overtime premium wages of one and one half times his regular rate of pay for hours worked in excess of forty in a week.

23.     During the statutory recovery periods, Defendants regularly adjusted Plaintiff's paystub to show that Plaintiff worked less time than he actually worked for Defendants.

24.     Records indicating the approximate number of hours that Plaintiff worked and was paid are in the exclusive possession and control of Defendants.

25.     The above-mentioned policies of Defendants have occurred for a significant period of time during and prior to the statutory recovery periods.

26.     The setting of wage and hour policies and practices for Defendants' employees is directly established by Defendants, and implemented by Defendants and their management upon the employees working for Defendants.

27.     At all relevant times, Defendants Richard Mock, Glen Mock, and Zawaski are and have been responsible for the oversight of Marathon's business operations, and collectively employed Plaintiff.

28.     At all relevant times, Defendant Marathon has been and is an "enterprise engaged in commerce" as defined by Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203 (r) and (s).

29.     At all relevant times, each of Defendants have been an "employer" as defined by Section 3(d) of the FLSA, 29 U.S.C § 203(d); Section 3(c) of the IMWL, 820 ILCS § 105/3(c); and Chapter1-24, the IWPCA, 820 ILCS 115/2, and Section 1-24-010 of the Ordinance.

30.     At all relevant times, Plaintiff has been an "employee" as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e); Section 3(d) of the IMWL, 820 ILCS § 105/3(d); the IWPCA, 820 ILCS 115/2, and Chapter 1-24, Section 1-24-010 of the City of Chicago Minimum Wage Ordinance.

31.     At all times relevant herein, Defendants directly and/or jointly with each of the other of Defendants' agents, originated, controlled and implemented the policy, practice and procedure of not paying Plaintiff for all hours worked, not paying Plaintiff for travel time, not paying Plaintiff overtime premium wages of one and one half times his regular rate, and docking Plaintiff $100.00 from his paycheck for every time he called off work without receiving written authorization from Plaintiff.

32.     As a result of Defendants' failure to pay Plaintiff for all hours worked and overtime premium wages, Defendants benefited from reduced labor and payroll costs, which in turn, increased the earnings of all Defendants.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(Plaintiff v. Marathon)**

33.     Plaintiff re-alleges paragraphs 1 through 32 as paragraphs 33 of this Count I.

34.     Plaintiff brings this count pursuant to 29 U.S.C §216(b) to recover unpaid straight time wages, overtime wages, liquidated damages, attorneys' fees and costs, and other damages owed from Marathon.

35.     Section 207(a)(1) of the FLSA requires that an employer must pay its employees overtime, equal to at least one and one half times the employees' regular rate of pay, for all hours worked in excess of forty hours per week. Plaintiff is entitled to be compensated at the minimum hourly wage prevailing in the location in which he worked.

36.     Plaintiff was not paid for all hours worked in a week; and was not paid for all hours worked in excess of forty hours in a week, in violation of the minimum and maximum hours provisions of the FLSA, to wit, 29 U.S.C. 206(a) and 207(a).

37.     Plaintiff was subject to the control of Defendants and Plaintiff engaged in activities that were not undertaken for Plaintiff's own convenience, necessary for the performance of his duties for Defendants and integral and indispensable to Defendants' principal activities. Despite this, Plaintiff was required to work "off the clock" as set forth herein that entitled him to compensation:

   a.     During travel time between work sites which was time for which Plaintiff was not paid, Defendants required Plaintiff to work and to remain on duty while traveling in the interest of the employer.

   b.     During travel time and wait time for filling Defendants' propane tank which was time for which Plaintiff was not paid, Defendants required Plaintiff to work and remain on duty while traveling and waiting in the interest of the employer.

   c.     During hours Plaintiff worked which did not appear on Plaintiff's paystub for which Plaintiff was not paid, Defendants required Plaintiff to work and to remain on duty while performing maintenance duties at various locations in the interest of the employer.

   d.     Each time Defendants docked Plaintiff's paycheck $100.00 when Plaintiff called off from work.

38.     Defendants' practice of not paying Plaintiff for all hours worked, travel and wait times, and recording weekly hours in excess of forty hours weekly as "bonus wages" violated the straight time and overtime provisions of the FLSA because Defendants did not pay the straight time and overtime wages for all work performed by Plaintiff.

39.     Defendants' practice of not including all hours worked, travel time, and wait time on Plaintiff's paystub, and recording weekly hours in excess of forty as "bonus wages"

violated the record-keeping requirements set forth in Section 29 U.S.C § 211(c), and in 29 C.F.R § 516.2(7)-(9).

40. At all times relevant hereto, the action of Defendants in not paying straight time pay for all time worked in a week, and overtime or premium pay for all hours worked over forty hours in a week, and their failure to keep accurate payroll records is willful in that Defendants knew that the FLSA required them to pay Plaintiff straight time for all hours worked and time and premium time of one and one-half for all hours worked over forty in a workweek and Defendants knew that the FLSA required them to maintain true and accurate records.

41. As a direct and proximate result thereof, Plaintiff is due unpaid overtime and liquidated damages pursuant to 29 U.S.C § 216.

WHEREFORE Plaintiff ZOILO RAMIREZ seeks the entry of an order of judgment against Defendant MARATHON SYSTEMS, INC., a Wisconsin Corporation, and/or each of Defendants jointly and severally, as follows:

A. Declare and find that Defendant Marathon Systems, Inc. committed one or more of the following acts:

    i. Violated the straight time provisions of the FLSA by failing to pay straight time wages to Plaintiff;

    ii. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff;

    iii. Willfully violated the wage provisions of the FLSA; and

    iv. Willfully violated the record keeping provisions of the FLSA

B. Order equitable relief mandating that Defendant Marathon Systems, Inc. cease and desist from any and all policies and practices that this Court may find to be violative of the FLSA;

C. Award compensatory damages, including all pay owed, in an amount according to proof;

D. Award liquidated damages on all compensation due accruing from the date such amounts were due;

E. Award all costs and reasonable attorneys' fees incurred in prosecuting this claim; and

F. For such further relief as the Court deems just and equitable.

**COUNT II**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(Plaintiff v. Richard Mock)**

42. Plaintiff re-alleges paragraphs 1 through 32 as and for paragraphs 42 of this Count II.

43. Plaintiff brings this count pursuant to 29 U.S.C §216(b) to recover unpaid straight time wages, overtime wages, liquidated damages, attorneys' fees and costs, and other damages owed from Defendant Richard Mock.

44. Plaintiff re-alleges paragraphs 35 through 41 as and for paragraph 44 of this Count II.

WHEREFORE Plaintiff ZOILO RAMIREZ seeks the entry of an order of judgment against Defendant RICHARD MOCK, and/or each of Defendants jointly and severally as follows:

A. Declare and find that Defendant Richard Mock committed one or more of the following acts:

i. Violated the straight time provisions of the FLSA by failing to pay straight time wages to Plaintiff;

ii. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff;

iii. Willfully violated the wage provisions of the FLSA; and

iv. Willfully violated the record keeping provisions of the FLSA

B. Order equitable relief mandating that Defendant Richard Mock cease and desist from any and all policies and practices that this Court may find to be violative of the FLSA;

C. Award compensatory damages, including all pay owed, in an amount according to proof;

D. Award liquidated damages on all compensation due accruing from the date such amounts were due;

E. Award all costs and reasonable attorneys' fees incurred in prosecuting this claim; and

F. For such further relief as the Court deems just and equitable.

## COUNT III
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Plaintiff v. Glen Mock)

45. Plaintiff re-alleges paragraphs 1 through 32 as and for paragraph 45 of this Count III.

46. Plaintiff brings this count against Defendant Glen Mock, pursuant to 29 U.S.C §216(b) to recover unpaid straight time wages, overtime wages, liquidated damages, attorneys' fees and costs, and other damages owed to Plaintiff by Defendant Glen Mock.

47. Plaintiff re-alleges paragraphs 35 through 41 as and for paragraph 47 of this Count III.

WHEREFORE Plaintiff ZOILO RAMIREZ seeks the entry of an order of judgment against Defendant GLEN MOCK, and/or each of Defendants jointly and severally as follows:

A. Declare and find that Defendant Glen Mock committed one or more of the following acts:

   i. Violated the straight time provisions of the FLSA by failing to pay straight time wages to Plaintiff;

   ii. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff;

   iii. Willfully violated the wage provisions of the FLSA; and

iv.  Willfully violated the record keeping provisions of the FLSA

B.  Order equitable relief mandating that Defendant Glen Mock cease and
desist from any and all policies and practices that this Court may find to be
violative of the FLSA;

C.  Award compensatory damages, including all pay owed, in an amount
according to proof;

D.  Award liquidated damages on all compensation due accruing from the date
such amounts were due;

E.  Award all costs and reasonable attorneys' fees incurred in prosecuting this
claim; and

F.  For such further relief as the Court deems just and equitable.

## COUNT IV
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Plaintiff v. Wlodek Zawaski)

48.  Plaintiff re-alleges paragraphs 1 through 32 as and for paragraph 48 of this Count IV.

49.  Plaintiff brings this count against Defendant Wlodek Zawaski pursuant to 29 U.S.C

§216(b) to recover unpaid straight time wages, overtime wages, liquidated damages,

attorneys' fees and costs, and other damages owed by Defendant Wlodek Zawaski.

50.  Plaintiff re-alleges paragraphs 35 through 41 as and for paragraph 50 of this Count IV.

WHEREFORE Plaintiff ZOILO RAMIREZ seeks the entry of an order of judgment

against Defendant WLODEK ZAWASKI, and/or each of Defendants jointly and severally as

follows:

A.  Declare and find that Defendant Wlodek Zawaski committed one or more
of the following acts:

i.  Violated the straight time provisions of the FLSA by failing to
pay straight time wages to Plaintiff;

ii.  Violated overtime provisions of the FLSA by failing to pay
overtime wages to Plaintiff;

      iii.   Willfully violated the wage provisions of the FLSA; and

      iv.   Willfully violated the record keeping provisions of the FLSA

B.     Order equitable relief mandating that Defendant Wlodek Zawaski cease and desist from any and all policies and practices that this Court may find to be violative of the FLSA;

C.     Award compensatory damages, including all pay owed, in an amount according to proof;

D.     Award liquidated damages on all compensation due accruing from the date such amounts were due;

E.     Award all costs and reasonable attorneys' fees incurred in prosecuting this claim; and

F.     For such further relief as the Court deems just and equitable.

## COUNT V
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### (Plaintiff v. Marathon)

51.    Plaintiff re-alleges paragraphs 1 through 32 as and for paragraph 51 of this Count V.

52.    This Count arises from Defendant Marathon's willful violation of the IMWL for Defendants' failure to pay Plaintiff all his earned minimum wages and overtime wages under the provisions of the IMWL.  Plaintiff is a current employee of Defendants who is due, and who has not been paid minimum wages and overtime wages for all time he has worked for Defendants when Plaintiff was not exempt from the overtime provisions of the IMWL.

53.    Section 105/4 of the IMWL requires employers to pay employees the statutory rate for all hours worked during a work week.  Section 105/12 provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs,

attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and for other appropriate relief.

54. Defendants violated the IMWL by regularly and repeatedly failing to properly compensate Plaintiff for the straight time and overtime he worked each week.

55. Defendants' failure to compensate Plaintiff for the full amount for all time worked violates Section 4 and Section 4(a) of the IMWL, 820 ILCS 105/4, 4(a).

WHEREFORE, Plaintiff ZOLIO RAMIREZ, seeks the entry of an order of judgment against Defendant MARATHON SYSTEMS INC., and/or Defendants jointly and severally under this Count as follows:

A.   Declare and find that Defendant Marathon committed one or more of the following acts:

    i.   Violated provisions of the Illinois Minimum Wage Law, 820 ILCS, § 105 *et seq*., by failing to pay minimum wages to Plaintiff;

    ii.   Violated overtime provisions of the Illinois Minimum Wage Law, 820 ILCS § 105 *et seq*., by failing to pay overtime wages to Plaintiffs; and

    iii.   Willfully violated minimum wage and overtime provisions of the Illinois Minimum Wage Law, 820 ILCS § 105 *et seq*;

B.   Order equitable relief mandating that Defendants cease and desist from any and all policies and practices that this Court may find to be violative of the IMWL;

C.   Award compensatory damages, including all regular and overtime pay owed, in an amount according to proof;

D.   Award interest on all regular and overtime compensation due accuring from the date such amounts were due;

E.   Award all costs and reasonable attorneys' fees incurred prosecuting this claim; and

F.   For such further relief as the Court deems just and equitable.

## COUNT VI
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### (Plaintiff v. Richard Mock)

56.     Plaintiff re-alleges paragraphs 1 through 32 as and for paragraph 56 of this Count VI.

57.     This Count arises from Defendant Richard Mocks' willful violation of the IMWL for

Defendants' failure to pay Plaintiff all his earned minimum wages and overtime wages

under the provisions of the IMWL.  Plaintiff is a current employee of Defendants who is

due, and who has not been paid minimum wages and overtime wages for all time he has

worked for Defendants and was not exempt from the overtime provisions of the IMWL.

58.     Plaintiff re-alleges paragraphs 53 through 55 as and for paragraph 58 of this Count VI.

WHEREFORE, Plaintiff ZOLIO RAMIREZ, seeks the entry of an order of judgment

against Defendant RICHARD MOCK., and/or Defendants jointly and severally under this Count

as follows:

      A.     Declare and find that Defendants committed one or more of the following
           acts:

            i.     Violated provisions of the Illinois Minimum Wage Law,
                 820 ILCS, § 105 *et seq*., by failing to pay minimum wages
                 to Plaintiff;

            ii.     Violated overtime provisions of the Illinois Minimum
                 Wage Law, 820 ILCS § 105 *et seq*., by failing to pay
                 overtime wages to Plaintiffs; and

            iii.     Willfully violated minimum wage and overtime provisions
                 of the Illinois Minimum Wage Law, 820 ILCS § 105 *et seq*;

      B.     Order equitable relief mandating that Defendants cease and desist from
           any and all policies and practices that this Court may find to be violative
           of the IMWL;

      C.     Award compensatory damages, including all regular and overtime pay
           owed, in an amount according to proof;

D.     Award interest on all regular and overtime compensation due accuring from the date such amounts were due;

E.     Award all costs and reasonable attorneys' fees incurred prosecuting this claim; and

F.     For such further relief as the Court deems just and equitable.

## COUNT VII
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### (Plaintiff v. Glen Mock)

59.    Plaintiff re-alleges paragraphs 1 through 32 as and for paragraph 59 of this Count VII.

60.    This Count arises from Defendant Glen Mock's willful violation of the IMWL for Defendants' failure to pay Plaintiff all his earned minimum wages and overtime wages under the provisions of the IMWL.  Plaintiff is a current employee of Defendants who is due, and who has not been paid minimum wages and overtime wages for all time he has worked for Defendants and was not exempt from the overtime provisions of the IMWL.

61.    Plaintiff re-alleges paragraphs 53 through 55 as and for paragraph 61 of this Count VII.

WHEREFORE, Plaintiff ZOLIO RAMIREZ seeks the entry of an order of judgment against Defendant GLEN MOCK., and/or Defendants jointly and severally under this Count as follows:

A.     Declare and find that Defendants committed one or more of the following acts:

i.      Violated provisions of the Illinois Minimum Wage Law, 820 ILCS, § 105 *et seq*., by failing to pay minimum wages to Plaintiff;

ii.     Violated overtime provisions of the Illinois Minimum Wage Law, 820 ILCS § 105 *et seq*., by failing to pay overtime wages to Plaintiffs; and

iii.    Willfully violated minimum wage and overtime provisions of the Illinois Minimum Wage Law, 820 ILCS § 105 *et seq*;

B.  Order equitable relief mandating that Defendants cease and desist from any and all policies and practices that this Court may find to be violative of the IMWL;

C.  Award compensatory damages, including all regular and overtime pay owed, in an amount according to proof;

D.  Award interest on all regular and overtime compensation due accuring from the date such amounts were due;

E.  Award all costs and reasonable attorneys' fees incurred prosecuting this claim; and

F.  For such further relief as the Court deems just and equitable.

## COUNT VIII
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### (Plaintiff v. Wlodek Zawaski)

62.  Plaintiff re-alleges paragraphs 1 through 32 as and for paragraph 62 of this Count VIII.

63.  This Count arises from Defendant Wlodek Zawaski's willful violation of the IMWL for Defendants' failure to pay Plaintiff all his earned minimum wages and overtime wages under the provisions of the IMWL.  Plaintiff is a current employee of Defendants who is due, and who has not been paid minimum wages and overtime wages for all time he has worked for Defendants and was not exempt from the overtime provisions of the IMWL.

64.  Plaintiff re-alleges paragraphs 53 through 55 as and for paragraph 64 of this Count VIII.

WHEREFORE, Plaintiff ZOLIO RAMIREZ seeks the entry of an order of judgment against Defendant WLODEK KAWASKI., and/or Defendants jointly and severally under this Count as follows:

A.  Declare and find that Defendants committed one or more of the following acts:

    i.  Violated provisions of the Illinois Minimum Wage Law, 820 ILCS, § 105 *et seq*., by failing to pay minimum wages to Plaintiff;

      ii.     Violated overtime provisions of the Illinois Minimum Wage Law, 820 ILCS § 105 *et seq*., by failing to pay overtime wages to Plaintiffs; and

      iii.    Willfully violated minimum wage and overtime provisions of the Illinois Minimum Wage Law, 820 ILCS § 105 *et seq*;

B.     Order equitable relief mandating that Defendants cease and desist from any and all policies and practices that this Court may find to be violative of the IMWL;

C.     Award compensatory damages, including all regular and overtime pay owed, in an amount according to proof;

D.     Award interest on all regular and overtime compensation due accuring from the date such amounts were due;

E.     Award all costs and reasonable attorneys' fees incurred prosecuting this claim; and

F.     For such further relief as the Court deems just and equitable.

## COUNT IX
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### (Plaintiff v. Marathon)

65.    Plaintiff re-alleges paragraphs 1 through 32 as and for paragraph 65 of this Count IX.

66.    Plaintiff brings this Count to recover from Defendant Marathon unpaid wages, overtime compensation, statutory penalties, attorneys' fees, and costs, pursuant to Section 14(a) of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/14(a).

67.    At all times relevant, Defendants have each been an "employer" of Plaintiff, as that term is defined by Section 2 of the IWPCA, 820 ILCS § 115/2.

68.    At all times relevant, Plaintiff has been an "employee" of each of the Defendants, as that term is defined by Section 2 of the IWPCA, 820 ILCS § 115/2.

69.    At all times relevant hereto, and at Defendants' request, Plaintiff performed job duties during his meal breaks, traveled between work sites, and traveled and waited to fill Defendants' propane tank.

70.    At all times relevant hereto, Defendants were aware of and/or observed the performance of, and required that Plaintiff perform job duties during his meal break; were aware of and/or observed that he traveled between worksites, and were aware of and/or observed that he travel and wait to fill Defendants' propane tank after his shift ended.

71.    The task of performing job duties during meal breaks, traveling between worksites, and traveling and waiting to fill Defendants' propane tank after Plaintiff's shift ended is an essential component of Defendants' business operations.

72.    Under Defendants' policy and practice, Defendants and their managers required and knew that Plaintiff had to travel between work sites, travel and wait to fill Defendants' propane tank, and perform work during his meal break.

73.    Defendants assented to pay Plaintiff at an agreed upon hourly rate at or in excess of the applicable Illinois Minimum Wage hourly rate, for all work Defendants permitted and/or required, including one and one half times his hourly rate for all times beyond forty hours worked in a week.

74.    Defendants assented to Plaintiff traveling from worksite to worksite and traveling and waiting for Defendants' propane tank to be filled, performing duties during his meal break, by, among other means, Defendants' knowledge and awareness of those duties being performed at those times, Defendants' policy and practice of requiring Plaintiff to perform work related duties while off shift, and Defendants' policy and practice of permitting Plaintiff to perform work during his meal break.

75. At all times relevant hereto, Defendants considered duties performed during Plaintiff's meal break, traveling between worksites, and traveling to fill Defendants' propane tank to be work.

76. When Defendants hired Plaintiff and advised him of the specific hourly rate he would be paid for all work performed by him, Defendants did not inform Plaintiff that he would not be paid for work during his meal breaks, traveling between job sites, and traveling and waiting to fill Defendants' propane tank.

77. Defendants have failed to pay Plaintiff the full amount due for all time worked on his regularly scheduled paydays, including but not limited to his final compensation, because Defendants did not account for all hours Plaintiff worked for Defendants on his paystub, nor travel time between work sites, nor travel and wait time to fill Defendants' propane tank, and Defendants instead docked Plaintiff's total pay $100.00 each time he called off, and did not pay Plaintiff for meal period work.

78. Defendants have failed to pay Plaintiff the full amount for all hours worked because of the improper practices described herein.

79. Illinois Statutes 820 ILCS §§115/1 *et seq*. defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the two parties…"

80. Illinois Statute 820 ILCS §115/4 requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 13 days after the end of the pay period in which such wages were earned.

81.     Defendants violated Illinois Statutes 820 ILCS §§115 *et seq.* by regularly and repeatedly failing to properly compensate Plaintiff for the actual time he worked each week within 13 days of the date such compensation was earned.

82.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages and other damages.

83.     Plaintiff has been damaged by not being paid the full amount of wages due to him for all time worked, in an amount not presently ascertainable, for the relevant time period.

WHEREFORE, Plaintiff ZOILO RAMIREZ seeks the entry of an order of judgment against Defendant MARATHON SYSTEMS INC. and/or Defendants jointly and severally under this Count as follows:

A.     Declare and find that Defendants committed the following acts:

    i.     Violated provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §§115/1 *et seq.*, by failing to pay agreed-upon wages to Plaintiff;

    ii.     Willfully violated of the Illinois Wage Payment and Collection Act, 820 ILCS §§115/1 *et seq.* by failing to pay agreed-upon wages to Plaintiff;

B.     Award compensatory damages, including all regular and overtime pay owed, in an amount according to proof;

C.     Award statutory liquidated damages on all regular and overtime compensation due accruing from the date such amounts were due;

D.     Award all costs and reasonable attorneys' fees incurred prosecuting this claim; and

E.     For such further relief as the Court deems just and equitable.

**COUNT X**
**VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT**
**(Plaintiff v. Richard Mock)**

84.     Plaintiff re-alleges paragraphs 1 through 32 as and for paragraph 84 of this Count X.

85. Plaintiff brings this Count to recover from Defendant Richard Mock unpaid wages, overtime compensation, statutory penalties, attorneys' fees, and costs, pursuant to Section 14(a) of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/14(a).

86. Plaintiff realleges paragraphs 67 - 83 as and for paragraph 86 of this Count X.

WHEREFORE, Plaintiff ZOILO RAMIREZ seeks the entry of an order of judgment against Defendant RICHARD MOCK. and/or Defendants jointly and severally under this Count X as follows:

A. Declare and find that Defendants committed the following acts:

   i. Violated provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §§115/1 *et seq*., by failing to pay agreed-upon wages to Plaintiff;

   ii. Willfully violated of the Illinois Wage Payment and Collection Act, 820 ILCS §§115/1 *et seq*. by failing to pay agreed-upon wages to Plaintiff;

B. Award compensatory damages, including all regular and overtime pay owed, in an amount according to proof;

C. Award statutory liquidated damages on all regular and overtime compensation due accruing from the date such amounts were due;

D. Award all costs and reasonable attorneys' fees incurred prosecuting this claim; and

E. For such further relief as the Court deems just and equitable.

## COUNT XI
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### (Plaintiff v. Glen Mock)

87. Plaintiff realleges Paragraphs 1 through 32 as for Paragraph 87 of this Count XI.

88. Plaintiff brings this Count to recover from Defendant Glen Mock unpaid wages, overtime compensation, statutory penalties, attorneys' fees, and costs, pursuant to Section 14(a) of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/14(a).

89.     Plaintiff realleges paragraphs 67 - 83 as and for paragraph 89 of this Count XI.

WHEREFORE, Plaintiff ZOILO RAMIREZ seeks the entry of an order of judgment against Defendant GLEN MOCK and/or Defendants jointly and severally under this Count XI as follows:

A.      Declare and find that Defendants committed the following acts:

   i.     Violated provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §§115/1 *et seq.*, by failing to pay agreed-upon wages to Plaintiff;

   ii.    Willfully violated of the Illinois Wage Payment and Collection Act, 820 ILCS §§115/1 *et seq.* by failing to pay agreed-upon wages to Plaintiff;

B.      Award compensatory damages, including all regular and overtime pay owed, in an amount according to proof;

C.      Award statutory liquidated damages on all regular and overtime compensation due accruing from the date such amounts were due;

D.      Award all costs and reasonable attorneys' fees incurred prosecuting this claim; and

E.      For such further relief as the Court deems just and equitable.

## COUNT XII
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### (Plaintiff v. Wlodek Zawaski)

90.     Plaintiff realleges Paragraphs 1 through 32 as for Paragraph 90 of this Count XII.

91.     Plaintiff brings this Count to recover from Defendant Wlodek Zawaski unpaid wages, overtime compensation, statutory penalties, attorneys' fees, and costs, pursuant to Section 14(a) of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/14(a).

92.     Plaintiff realleges paragraphs 67 - 83 as and for paragraph 92 of this Count XII.

WHEREFORE, Plaintiff ZOILO RAMIREZ seeks the entry of an order of judgment against Defendant WLODEK ZAWASKI and/or Defendants jointly and severally under this Count as follows:

A. Declare and find that Defendants committed the following acts:

    i. Violated provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §§115/1 *et seq.*, by failing to pay agreed-upon wages to Plaintiff;

    ii. Willfully violated of the Illinois Wage Payment and Collection Act, 820 ILCS §§115/1 *et seq.* by failing to pay agreed-upon wages to Plaintiff;

B. Award compensatory damages, including all regular and overtime pay owed, in an amount according to proof;

C. Award statutory liquidated damages on all regular and overtime compensation due accruing from the date such amounts were due;

D. Award all costs and reasonable attorneys' fees incurred prosecuting this claim; and

E. For such further relief as the Court deems just and equitable.

## COUNT XIII
## VIOLATION OF THE CITY OF CHICAGO
## MINIMUM WAGE ORDINANCE - MINIMUM WAGES
### (Plaintiff v. Marathon)

93. Plaintiff realleges Paragraphs 1 through 32 as for Paragraph 93 of this Count XIII.

94. This count arises from Defendant Marathon's violation of the minimum wage provisions of the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-020. Plaintiff brings this action pursuant to Chapter 1-24, Section 1-24-110.

95. Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-020, for all time Plaintiff worked for Defendants at various locations in Chicago, he was entitled to be compensated at the applicable City of Chicago Minimum Wage.

96.     Defendants violated the City of Chicago Minimum Wage Ordinance by failing to compensate Plaintiff at the then applicable City of Chicago Minimum Wage for all time worked in one or more individual workweeks at their various Chicago, IL locations.

97.     Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110, Plaintiff is entitled to recover three times the amount of any underpayment, along with costs and reasonable attorneys' fees allowed in court.

WHEREFORE, Plaintiff ZOILO RAMIREZ seeks the entry of an order of judgment against Defendant MARATHON SYSTEMS, INC., and/or Defendants jointly and severally under this Count as follows:

A.     Declare and find that Defendants committed one or more of the following acts:

   i.     Violated provisions of the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-020 by failing to pay agreed upon wages to Plaintiff;

   ii.    Willfully violated provisions of the Ordinance, by willfully failing to pay agreed upon wages to Plaintiff;

B.     Order equitable relief mandating that Defendants cease and desist from any and all policies and practices that this Court may find to be violative of the Ordinance;

C.     Award compensatory damages, including all regular and overtime pay owed in an amount according to proof;

D.     Award punitive damages as set forth in City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110, in the amount of three times the amount of all regular and overtime compensation due;

E.     Award all costs and reasonable attorneys' fees incurred prosecuting this claim; and

F.     For such further relief as the Court deems equitable and just.

## COUNT XIV
## VIOLATION OF THE CITY OF CHICAGO
## MINIMUM WAGE ORDINANCE- MINIMUM WAGES
### (Plaintiff v. Richard Mock)

98.     Plaintiff realleges Paragraphs 1 through 32 as for Paragraph 98 of this Count XIV.

99.     This count arises from Defendant Richard Mock's violation of the minimum wage

provisions of the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-

24-020.  Plaintiff brings this action pursuant to Chapter 1-24, Section 1-24-110.

100.    Plaintiff realleges paragraphs 95 - 97 as and for paragraph 100 of this Count XIV.

        WHEREFORE, Plaintiff ZOILO RAMIREZ seeks the entry of an order of judgment

against Defendant RICHARD MOCK and/or Defendants jointly and severally under this Count

as follows:

        A.      Declare and find that Defendants committed one or more of the following
                acts:

                i.      Violated provisions of the City of Chicago Minimum Wage
                        Ordinance, Chapter 1-24, Section 1-24-020 by failing to
                        pay agreed upon wages to Plaintiff;

                ii.     Willfully violated provisions of the Ordinance, by willfully
                        failing to pay agreed upon wages to Plaintiff;

        B.      Order equitable relief mandating that Defendants cease and desist from any
                and all policies and practices that this Court may find to be violative of the
                Ordinance;

        C.      Award compensatory damages, including all regular and overtime pay
                owed in an amount according to proof;

        D.      Award punitive damages as set forth in City of Chicago Minimum Wage
                Ordinance, Chapter 1-24, Section 1-24-110, in the amount of three times
                the amount of all regular and overtime compensation due;

        E.      Award all costs and reasonable attorneys' fees incurred prosecuting this
                claim; and

        F.      For such further relief as the Court deems equitable and just.

**COUNT XV**
**VIOLATION OF THE CITY OF CHICAGO**
**MINIMUM WAGE ORDINANCE- MINIMUM WAGES**
**(Plaintiff v. Glen Mock)**

101.    Plaintiff realleges Paragraphs 1 through 32 as for Paragraph 101 of this Count XV.

102.    This count arises from Defendant Glen Mock's violation of the minimum wage

provisions of the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-

24-020.  Plaintiff brings this action pursuant to Chapter 1-24, Section 1-24-110.

103.    Plaintiff realleges paragraphs 95 - 97 as and for paragraph 103 of this Count XV.

WHEREFORE, Plaintiff ZOILO RAMIREZ seeks the entry of an order of judgment

against Defendant GLEN MOCK and/or Defendants jointly and severally under this Count as

follows:

   A.    Declare and find that Defendants committed one or more of the following
         acts:

         i.    Violated provisions of the City of Chicago Minimum Wage
               Ordinance, Chapter 1-24, Section 1-24-020 by failing to pay
               agreed upon wages to Plaintiff;

         ii.   Willfully violated provisions of the Ordinance, by willfully
               failing to pay agreed upon wages to Plaintiff;

   B.    Order equitable relief mandating that Defendants cease and desist from
         any and all policies and practices that this Court may find to be violative
         of the Ordinance;

   C.    Award compensatory damages, including all regular and overtime pay
         owed in an amount according to proof;

   D.    Award punitive damages as set forth in City of Chicago Minimum Wage
         Ordinance, Chapter 1-24, Section 1-24-110, in the amount of three times
         the amount of all regular and overtime compensation due;

   E.    Award all costs and reasonable attorneys' fees incurred prosecuting this
         claim; and

26

F.     For such further relief as the Court deems equitable and just.

**COUNT XVI**
**VIOLATION OF THE CITY OF CHICAGO**
**MINIMUM WAGE ORDINANCE- MINIMUM WAGES**
**(Plaintiff v. Wlodek Zawaski)**

104.    Plaintiff realleges Paragraphs 1 through 32 as for Paragraph 104 of this Count XV.

105.    This count arises from Defendant Wlodek Zawaski's violation of the minimum wage

provisions of the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-020.

Plaintiff brings this action pursuant to Chapter 1-24, Section 1-24-110.

106.    Plaintiff realleges paragraphs 95 - 97 as and for paragraph 106 of this Count XVI.

WHEREFORE, Plaintiff ZOILO RAMIREZ seeks the entry of an order of judgment

against Defendant WLODEK ZAWASKI and/or Defendants jointly and severally under this

Count as follows:

A.     Declare and find that Defendants committed one or more of the following
acts:

i.      Violated provisions of the City of Chicago Minimum Wage
Ordinance, Chapter 1-24, Section 1-24-020 by failing to
pay agreed upon wages to Plaintiff;

ii.     Willfully violated provisions of the Ordinance, by willfully
failing to pay agreed upon wages to Plaintiff;

B.     Order equitable relief mandating that Defendants cease and desist from
any and all policies and practices that this Court may find to be violative
of the Ordinance;

C.     Award compensatory damages, including all regular and overtime pay
owed in an amount according to proof;

D.     Award punitive damages as set forth in City of Chicago Minimum Wage
Ordinance, Chapter 1-24, Section 1-24-110, in the amount of three times
the amount of all regular and overtime compensation due;

E.     Award all costs and reasonable attorneys' fees incurred prosecuting this
claim; and

F.      For such further relief as the Court deems equitable and just.

**JURY DEMANDED ON ALL COUNTS**

Date: October 17, 2019

Respectfully Submitted,

By: /s/: Glen J. Dunn Jr.
        Glen J. Dunn Jr.
        One of Plaintiff's attorneys

Jeffrey Grant Brown                     Glen J. Dunn, J.
Jeffrey Grant Brown, P.C.               Glen J. Dunn & Associates, Ltd.
121 W. Wacker, Suite 1414               121 W. Wacker, Suite 1414
Chicago, IL 60601                       Chicago, IL 60601
312.729.9700                            312/880.1010